## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY ROOT and AMY ROOT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-23-00870-PRW |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>AMENDED ORDER</u>

Before the Court are the Motion to Dismiss (Dkt. 11), filed by Defendant State Farm Fire and Casualty Company ("State Farm"); the Response (Dkt. 14), filed by Plaintiffs Jeremy and Amy Root (the "Roots"); and State Farm's Reply (Dkt. 17). Having considered the pleadings and applicable legal authorities, the Court **GRANTS** the Motion (Dkt. 11).

### *Background*

This is a breach of insurance contract claim. According to the Complaint (Dkt. 1), the Roots' home was insured by State Farm when it incurred storm damage on April 29, 2022. The Roots reported a claim, and State Farm investigated it and concluded on September 7, 2022, that the damage covered by the parties' insurance agreement did not exceed their deductible. Based on this determination, State Farm made no payment. On October 2, 2023, the Roots sued State Farm seeking (1) damages for breach of contract and violation of the duty of good faith and fair dealing and (2) declaratory judgment "concerning the interpretation, application, and construction of the contractual terms"

between the parties. (*Id.* at 21). State Farm now moves to dismiss as time-barred the Roots' breach of contract claims related to losses which occurred more than one year before they commenced the action (Dkt. 11).[1]

### Standard of Review

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[2] In addition to the complaint, courts may consider "the attached exhibits and documents incorporated into the complaint by reference."[3] "A statute of limitations defense may be appropriately resolved on a Rule 12 motion when the dates given in the complaint make clear that the right sued upon has been extinguished."[4]

### Analysis

State Farm argues that the insurance policy bars the Roots from bringing an action to recover for damages which occurred before October 2, 2022. Oklahoma law requires property-insurance policies to provide at least a one-year limitations period for bringing "an action," with the clock starting on "the date of occurrence of the event resulting in

---

[1] State Farm does not seek dismissal of the Roots' claim of breach of the duty of good faith and fair dealing. Reply (Dkt. 17), at 1 n.1. This Order therefore does not contemplate dismissal of that claim.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[4] *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (cleaned up and citation omitted).

loss."[5] Here, the policy imposes just such a deadline.[6] Thus, under its plain language, any claims for damages resulting from events before October 2, 2022, are time barred.

The Roots do not contend that any of the provisions of the policy are ambiguous.[7] Instead, they rely upon 36 O.S. § 1250.5(7), which the Oklahoma Legislature amended, effective May 16, 2022, to add the following language:

> . . . Any policy that specifies a time limit covering damage to a roof due to wind or hail must allow the filing of claims after the first anniversary but no later than twenty-four (24) months after the date of the loss, if the damage is not evident without inspection[.][8]

The Roots assert that this operates to extend their deadline to file suit to two years.[9] But the Roots also recognize that Section 1250.5(7) pertains to an insured's submission of *claims*, not his right to litigate disputes.[10]

The Roots argue that these sections of Oklahoma law conflict. The Oklahoma Supreme Court construes legislative acts "in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each."[11] Therefore, "where parts of a statute reasonably are susceptible of a construction

---

[5] OKLA. STAT. tit. 36, § 3617; *see also Clipperton v. Allstate Ins. Co.*, 151 F. App'x 652, 655 (10th Cir. 2005).

[6] Compl. (Dkt. 1), ¶ 41 (citing Homeowner's Policy (Dkt. 1-4, Ex. 4), 22).

[7] *Id.* ¶ 119.

[8] OKLA. STAT. tit. 36, § 1250.5(7); 2022 Okla. Sess. Law Serv. Ch. 266 (H.B. 3495) (West).

[9] Compl. (Dkt. 1), ¶ 123; Pl.s' Resp. (Dkt. 14), at 5.

[10] Pl.s' Resp. (Dkt. 14), at 5.

[11] *Oklahoma Indep. Petroleum Ass'n v. Youngker*, 769 P.2d 109, 114 (Okla. 1988) (citation omitted).

which will give effect to both, without doing violence to either, such construction should be adopted."[12] The Roots recognize that under the Oklahoma Insurance Code, a "claim" differs from an "action," and that Section 1250.5(7) "permits an insured to submit a claim arising from wind and hail damage that is not evident without inspection for up to two years" and Section 3617 "permits insurers like [State Farm] to bar the insured's right to litigate disputes concerning that claim after one year."[13] But there is no conflict in these provisions; one section deals with claims, the other with actions. And in any event, the Roots do not claim that they suffered latent roof damage such that Section 1250.5(7) even applies with respect to their time to submit a claim.

Accordingly, under the well-pleaded facts in the Complaint, the policy language controls. Any claim relating to damages occurring before October 2, 2022, is time-barred. The Court thus need not issue declaratory judgment on the impact, if any, of Section 1250.5(7) on the action.

Finally, in their Response, the Roots request leave to amend their Complaint. State Farm rightly contends that the Local Civil Rules (1) prohibit parties from including a motion in their response brief; and (2) require parties seeking leave to amend to "attach the

---

[12] *Id.*; *see also In re Duncan*, 329 F.3d 1195, 1204 (10th Cir. 2003) ("When two statutes are capable of coexistence, it is our duty, absent a clearly expressed congressional intention to the contrary, to regard each as effective." (citation omitted)).

[13] Pl.s' Resp. (Dkt. 14), at 5 (emphasis removed).

proposed pleading as an exhibit to the motion."[14] Such "drive-by requests to amend the complaint" are insufficient to warrant leave,[15] so the Court denies their request.

*Conclusion*

Accordingly, the Court **GRANTS** the Motion (Dkt. 11), **DISMISSES** the Roots' breach of contract claims to the extent that they seek to recover for damages which occurred before October 2, 2022, and **DISMISSES** their declaratory judgment claim regarding 36 O.S. § 1250.5(7).

**IT IS SO ORDERED** this 27th day of December 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] LCvR 7.1(c); 15.1.

[15] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020)